UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:13-cv-00169-GCM

| | |
|---|---|
| JOEY BRIAN MULLINAX, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on August 6, 2010. Plaintiff's claim was denied both initially on November 16, 2010, and again on reconsideration on June 17, 2011; thereafter, Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ") and ALJ Hess heard the case on June 18, 2012. Subsequently, the ALJ

1

issued a decision on July 18, 2012, which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II. Factual Background

The Court has incorporated the relevant facts as they pertain to the ALJ's decision in the substantive discussion that follows.

## III. Standard of Review

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind might accept as adequate to support a conclusion" and is "more than a mere scintilla . . . , but may be somewhat less than a preponderance." *Id*. at 1456; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The very language of section 405(g) precludes the Court from reviewing a final decision of the Commissioner *de novo*; it is the responsibility of the ALJ and not

the Courts to make findings of fact and to resolve conflicts of evidence. *See* 42 U.S.C. § 405(g); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court cannot substitute its judgment for that of the Commissioner, even if the Court would have decided differently, so long as the ALJ's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). However, the Court must also give careful scrutiny to the whole record to ensure that there is a sound foundation for the Secretary's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

## IV. Substantial Evidence

### A. Introduction

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether the Court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. *See Hays*, 907 F.3d at 1456. The undersigned finds that it is not.

### B. Sequential Evaluation

A five-step process, known as "sequential review," is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v). In this case, the ALJ determined Plaintiff was not disabled at the fifth step of the sequential evaluation process.

**C. The Administrative Decision**

Specifically, the ALJ found that the Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date through his date last

insured. Tr. at 25. At the second step, the ALJ found that the Plaintiff had complex regional pain syndrome of the right ankle, a severe impairment. *Id*. The ALJ went on at the third step to find that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

The ALJ then determined that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b), except that the Plaintiff can lift 50 pounds occasionally and lift 25 pounds frequently; carry less than 10 pounds occasionally; stand two hours in an eight hour day; walk less than two hours in an eight hour day; sit six hours in an eight hour day with no ability to use the feet to operate foot controls; must be allowed to wear sandals/open shoes on the job; avoid concentrated exposure to extreme cold and heat; and avoid even moderate exposure to vibration. Tr. at 26-30. At the fourth step, the ALJ determined that the Plaintiff was unable to perform any past relevant work. Tr. at 30-31.

Finally, at the fifth step, the ALJ determined that considering Plaintiff's RFC, there were jobs that existed in significant numbers in the national economy that the claimant could have performed, including parking lot cashier, gate tender, and photocopy machine operator. Tr. at 31-32.

D.  **Discussion**

1.  **Plaintiff's Assignments of Error**

Plaintiff has made the following assignments of error: (1) the ALJ's determinations concerning Plaintiff's credibility were improper; (2) the ALJ improperly weighed the opinion of Plaintiff's treating specialist; and (3) the ALJ erred in ruling that Plaintiff can perform other work existing in substantial numbers in the national economy. Plaintiff's assignments of error will be discussed in turn.

2.  **First Assignment of Error**

When assessing a claimant's credibility in determining the RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. While the burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity, the ALJ has the responsibility of specifically referring to evidence that informs his decision. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981); *Hatcher v. Secretary*, 898 F.2d 21, 223 (4th Cir. 1989). The ALJ must consider the entire case record and provide specific reasons for the credibility finding, thus ensuring that the ALJ's decision and reasoning is clear to the claimant and subsequent reviewers. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985); S.S.R. 96-7p.

In the instant case, the ALJ dedicates several pages to detailing Plaintiff's injury, pain, and his extensive treatment, from both the medical record and Plaintiff's testimony. *See* Tr. at 26-29. Then, the ALJ summarily dismisses all of it, simply stating that Plaintiff's statements are not credible to the extent that they are inconsistent with the RFC. *See* Tr. at 29. The only piece of relevant discussion from the ALJ concerning the Plaintiff's credibility is the absence of the Plaintiff's reporting the three to four days a week he spends in bed to any of his physicians.[1] Tr. at 30.

The Commissioner attempts to defend the ALJ's position by citing to cases in this Circuit allowing for the ALJ to make negative credibility inferences from what is not in the record, i.e., what the claimant failed to tell a treating physician. *See Bostic v. Astrue*, 2011 WL 36667219 at *5 (W.D.N.C. 2011) (affirmed *Bostic v. Astrue*, 474 F. App'x 952 (4th Cir. 2012)). However, the Commissioner's argument ignores the plethora of instances where the Plaintiff has sought treatment for his intractable pain, to the point of discussing with his treating physician amputation of his lower extremity. *See e.g.*, Tr. at 271-74, 584-50, 566-67, 594-97, 716, 724, 51-52.

---

[1] The ALJ also notes that Plaintiff had no adverse side effects from his medications (presumably because the ALJ weighed this in his credibility findings). Tr. at 30. This Court fails to see how Plaintiff's alertness or ability to function mentally has anything to do with the Plaintiff's credibility concerning his alleged disability—extensive pain in his ankle and foot from complex regional pain syndrome—and is therefore is largely irrelevant to determining Plaintiff's credibility.

Moreover, an individual's statements about the intensity and persistence of pain or other symptoms and about their effects on his ability to work may not be disregarded solely because they are not substantiated by medical evidence. *See* S.S.R. 96-7p. Looking at the whole of the record, which the ALJ is required to do, this Court fails to see how this instance evidences a fault in Plaintiff's credibility, and the ALJ does not provide any rationale for such a finding. Even assuming that this small gap in the record is significant, the ALJ does not establish how it affected his credibility findings, other than taking "note" of it. *See* Tr. at 30. The ALJ simply does not provide a rationale for rejecting Plaintiff's reports of pain, nor does the ALJ point to any other objective evidence that contradicts Plaintiff's credibility. The ALJ lacks the specific reasoning required to support his RFC and his assessment of Plaintiff's credibility. *See Hammond*, 765 F.2d at 426; S.S.R. 96-7p.

The Commissioner argues in the alternative that the facts, taken together, amount to harmless error, as the ALJ's assessment of Plaintiff's RFC largely accommodated Plaintiff's subjective allegations. Harmless error results when there is a showing that evidence, even when properly considered by the ALJ, would not result in a different decision. *See Camp v. Massanari*, 22 F. App'x 311 (4th Cir. 2001). The ALJ cannot be said to have properly considered the evidence, as there

are numerous instances where he misstated or misinterpreted evidence (discussed *supra*), in addition to the lack of specific rationale supporting the ALJ's RFC and credibility determinations.

Although the ALJ found that the Plaintiff could cook, wash dishes, and do yard work, the Plaintiff testified to something quite different—that he can "try" to cook, that attempting to do dishes causes him extreme pain, and that he is completely unable to sit on a lawnmower because he cannot operate the pedals due to his condition. *Compare* Tr. at 27 *with* Tr. at 56-57, 59. Additionally, there is evidence that Plaintiff attempted to return to work in a managerial and clerical capacity, similar to the VE's recommended jobs, but was unable to do so because of his disabling pain, a fact that the ALJ also misstates. *Compare* Tr. at 44-45 *with* Tr. at 30, 31.

Plaintiff has made a showing that there are a number of facts in the record that, had the ALJ properly considered them, could have resulted in a different decision, and thus, the ALJ's RFC and credibility findings are not harmless error. *See Camp*, 22 F. App'x 311 (4th Cir. 2001). Moreover, harmless error requires some other support for the ALJ's findings, which, as discussed *supra*, is lacking—the ALJ provided little or no discussion for his findings at all. *See Hosey v. Astrue*, 2012 WL 667813, at *7 (W.D.N.C. 2012). Because the ALJ has failed to

adequately discuss his RFC and credibility determinations, and because he failed to properly consider evidence in the record, his decision is not based on substantial evidence, and remand is warranted.

### 3. Second Assignment of Error

Plaintiff also contests the ALJ's findings concerning the Plaintiff's treating physician, Dr. Geideman. An ALJ must give controlling weight to the opinion of a claimant's treating physician when the opinion 1) concerns the nature and severity of the impairment, 2) is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and 3) is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). If the ALJ does not accord controlling weight to a treating source's opinion, he must explain what weight he gives the opinion. *Id*.

The entirety of the ALJ's rationale concerning Dr. Geideman's opinion is "it cannot be given controlling weight as [the inability to work] is an issue reserved to the Commissioner." Tr. at 30. There is no discussion whatsoever by the ALJ as to any of the above-mentioned factors, and no indication anywhere in the ALJ's opinion that there is any substantial evidence in the case record that contradicts Dr. Geideman's opinion concerning Plaintiff's limitations.

While it is true that a treating physician cannot direct a determination of disabled from the Commissioner (*see* S.S.R. 96-5p), Dr. Geideman's opinion does more than give a conclusory statement about Plaintiff's ability to work. Based on his extensive treatment history of the Plaintiff, Dr. Geideman noted Plaintiff's severe limitations with respect to weight-bearing activity and inability to wear any sort of closed-toe shoe. *See* Tr. at 571. The ALJ provided no basis for rejecting Dr. Geideman's opinion, but instead substituted his judgment for that of the treating physician by stating that the Plaintiff can manage standing for two hours and walking for less than two hours when nothing in Dr. Geideman's medical notes supports such a finding. *See* Tr. at 30. If the ALJ was unclear about Dr. Geideman's findings concerning the Plaintiff's limitations, he had the responsibility to seek clarifications. *See* S.S.R. 96-5p.

Although the state agency physicians opined that the Plaintiff could stand/walk for six hours a day, this at best creates a conflict in the evidence for the ALJ to resolve, not arbitrarily choose one opinion over the other without further explanation. *See* Tr. at 30; *Hays*, 907 F.2d at 1456; 20 C.F.R. § 404.1527(c)(2). In the same way that the ALJ did not provide a basis for rejecting the opinion of the treating physician, he also did not provide a basis for the weight given to the state agency physicians, as required by the regulations and thus, neither of the findings

11

are based on substantial evidence and require remand. *See* 20 C.F.R. § 404.1527(c)(2); S.S.R. 96-6p.

### 4. Third Assignment of Error

Finally, Plaintiff challenges the vocational expert ("VE") testimony, claiming a conflict between said testimony and the Dictionary of Occupational Titles ("DOT"). S.S.R. 00-4p requires the ALJ to ask the VE whether her testimony is consistent with the DOT, and whenever the VE's testimony conflicts with information provided in the DOT, the ALJ will obtain a reasonable explanation for the apparent conflict from the VE. *See* S.S.R. 00-4p, at *4. If there is a conflict, it is the ALJ's responsibility to resolve it by deciding if the VE's explanation for the conflict is reasonable. *See Fisher v. Barnhart*, 181 F. App'x. 359, 365 (4th Cir. 2006). An ALJ's reliance on improper VE testimony requires remand. *See Walls v. Barnhart*, 296 F.3d 287, 291 (4th Cir. 2002) (citing *English v. Shalala*, 10 F.3d 1080, 1084-85 (4th Cir. 1993)).

In the present case there are numerous instances during the hearing where the VE's testimony conflicted with the DOT. First, the VE described the gate tender job, DOT Code 372.667-030, as having a Specific Vocational Preparation ("SVP") of three, but then going on to say that it is "usually [] only a two in SVP," thus creating a conflict between the DOT and what the VE considers the "usual"

instance. Tr. at 75. At this point the ALJ had an affirmative duty to clarify the conflict by having the VE give a reasonable explanation for the difference in her testimony and the DOT, which he did not fulfill. *See* S.S.R. 00-4p; *Fisher*, 181 F. App'x. at 365.

Next, upon questioning from the ALJ and Plaintiff's representative, the VE testified that all of the jobs she offered were primarily "sedentary" even though the DOT lists them as "light." *See* Tr. at 75-78. The VE offered an attempted explanation to Plaintiff's representative, stating that the DOT's entries may be outdated given its age and that she was offering the most up-to-date information through her research or practice. *See* Tr. 77-78.

Even though the explanation was not prompted by the ALJ, the ALJ still had the ultimate duty to resolve an apparent conflict by determining whether the VE's explanation is reasonable. *See Fisher*, 181 F. App'x at 365. Here, the ALJ offered no discussion of this conflict at either the hearing or in his decision, instead determining that the "[VE]'s testimony is consistent with the information contained in the [DOT]." Tr. at 32. The ALJ's apparent reliance on the potentially improper VE testimony is grounds for remand. *See Walls*, 296 F.3d at 291.

The Commissioner's argument of harmless error is unpersuasive. Specifically, the Commissioner does not cite any authority from this Circuit for the proposition

that the ALJ's failure to inquire about and resolve conflicts between the VE's testimony and the DOT is passable as harmless error. To the contrary, the Administration's own ruling, as well as Fourth Circuit decisions make it clear that not only does the ALJ have an affirmative responsibility to have the VE explain any conflicts between the VE's testimony and the DOT, but he also has the duty to resolve whether the VE's explanation for the conflict is reasonable. *See* S.S.R. 00-4p; *Fisher*, 181 F. App'x. at 365. Because the record is silent as to both of these duties, the ALJ's decision at Step Five cannot be said to be based on substantial evidence, and requires remand. *See Walls*, 296 F.3d at 291.

### E.     Conclusion

The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The ALJ is responsible for discussing evidence and resolving any conflicts therein, including a claimant's credibility, a treating physician's opinion, all aspects of the medical record, and conflicts between VE testimony and the DOT. *See e.g.*, *Hammond*, 765 F.2d at 426; 20 C.F.R. § 404.1527(c)(2); *Fisher*, 181 F. App'x. at 365. This responsibility must be carried out in a manner that makes the ALJ's decision clear to the claimant and subsequent reviewers. *See Hammond*, 765 F.2d at 426. Failure in any or all of these areas requires remand.

Based upon the foregoing, the Court finds that the decision of the ALJ is not supported by substantial evidence. Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated and remanded for a new hearing and decision not inconsistent with this Order.

**IT IS THEREFORE ORDERED** that

(1) Plaintiff's Motion for Summary Judgment is **GRANTED**, and the Commissioner's Motion for Summary Judgment is **DENIED**;

(2) The decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED** and this action is **REMANDED** to the Commissioner for a new hearing and decision not inconsistent with this Order; and

(3) This action is **DISMISSED**.

Signed: December 10, 2014

Graham C. Mullen
United States District Judge